Mr. Justice MacArthur
delivered the opinion of the court:
This is an action to recover $5,000, the amount of a policy upon the life of Richard B. Day, the plaintiff’s husband. At the close of the plaintiff’s testimony the counsel for defendant prayed the court to instruct the jury that on the evidence the plaintiff was not entitled to recover; but the court refused so to instruct the jury, and to this ruling the defendant alleged its first exception. This instruction was asked because the preliminary proofs furnished to the company of the death of said Day embraced an affidavit of one Dr. White, who stated, among other things, that' deceased *599 had been sick five months, and that he died, on the 22d of .'January, 1871, of pulmonary consumption; which, if true, would have a tendency to show that at the time the policy was re-instated Day was suffering from the disease that caused his death.
To make this point clear, it is necessary to understand that at the trial before the chief-justice the plaintiff put in evidence the affidavits of herself and of several other persons, which defendant produced and admitted were furnished to the company for the purpose of showing due notice and proof of the death of her husband to it. These affidavits were on the same paper which had been provided in blank form by the defendant’s agent, and were all offered except the one made by Dr. White; but the court required that the said preliminary proofs of death should be put in evidence as an entirety, which was accordingly done. Now, the counsel of the plaintiff contended that the statement made by Dr. White conclusively showed that Day had untruly represented as to the condition of his health when the policy was re-instated; but this was one of the defenses relied upon to defeat the action, and the burden of proving it was upon the company. In that stage of the case the defendant could ask for no more than that the case should be submitted to the jury, and not that it should, in effect, be withdrawn from it. If the testimony had been closed on both sides the defendant might have a right to rely upon the statement of Dr. White as an admission by the plaintiff if it had been furnished by her and she was aware of its contents. The proof of death was ample without it, and this particular statement was brought into evidence at the request of the defendant, and against the objection of the plaintiff. It was not required by the policy, nor are the circumstances or causes of death necessary to be stated under any of its provisions. It did not appear that the plaintiff had ever seen it. There might be a presumption to that effect from the circumstance that it accompanied the other proofs, but that was a matter for the consideration of the jury. In view of all this, we think the court below was right in holding that the plaintiff was not absolutely concluded by the statement of auother party •as to the cause of her husband’s death, and therefore the *600 prayer was properly overruled. Cluff vs. Insurance Company, 13 Allen, 308; S. C., 1 Big., 215.
After the testimony was closed, defendant asked the court to instruct the jury that if the said Day had any derangement of health between October 1 and October 14, 1870,. and concealed that fact from the company, the plaintiff could not recover. It appears that the premium upon the policy was not paid on the 16th July, 1870, when it was due, and that on the 1st of October following Day applied to the defendant’s agent, in this city, to have it re-instated; that he then paid the premium and also furnished his own certificate that he was in sound health ; and these, together with the certificate of the examining physician of the company to the same effect, were forwarded to its principal office in Newark.
The renewal receipt was delivered on the 14th. Now, the instruction asked for proceeds upon the assumption that Day was under obligation to furnish the company with further statements of any variation in his physical condition intermediate these two dates. But there was no rule of the defendant requiring such additional statements. Day had complied with every condition in regard to the renewal of a-lapsed policy, and no further representations were required or contemplated. Whether the contract took effect only from the time of delivery cannot affect the rights of the plaintiff, for it was delivered upon the faith that he had paid the premium and made the required certificate, and there-was no rule or contract calling for any further statement as-a condition of such delivery. The grounds upon which forfeiture of these policies depend are sufficiently numerous without increasing the number by others which are not provided for. We think the exception was not well taken.
The instruction to which the fourth exception applies was,, in effect, that the plaintiff was not to be responsible for any of the statements in Dr. White’s affidavit unless she had. actual knowledge of its contents and adopted them and used them as her own declarations.
The provision in the policy is that the company will pay the insurance within ninety days after due notice and proof of death of said Richard H. B. Day; upon the performance-of this requirement the liability is created. The circum *601 stances and cause of death are not called for by the contract, but the company in their printed forms have a preliminary affidavit, headed “ Medical proof of loss, and cause of death,” and this is the one made by Dr. White. This is more than the contract calls for. The plaintiff swears positively that the said affidavit was not prepared by her direction or authority ; she was aware that Dr. White was preparing some paper in connection with the insurance, but it is doubtful whether she ever saw it or heard it read. If the statement had been in her own affidavit, or had it been a necessary part of the proofs, the defendant would be justified in relying upon it as an admission, and, according to some authority, as an estoppel. Campbell vs. Insurance Company, 10 Allen, 213. But as it was neither required nor necessary, we are of opinion that the company had no right to rely upon it, unless she was informed concerning its contents and purpose.
The doctrine that the company was chargeable with knowledge of every fact which their physician might have discovered by examination into the condition ©f Day’s health was held not to apply to the case, and the jury were distinctly told that if Day was not in sound health on October 1, 1871, their verdict must be for the defendant. We cannot see that the defendant was injured by the remarks of the court in refusing the prayers asked for by the plaintiff, nor are we disposed to indulge in nice criticism of the language used, when it is evident that it had no effect upon the verdict.
On the whole record we think the judgment must be affirmed.